MoKinney, J.,
delivered the opinion of the Court.
An execution was placed in the hands of the complainant, as Sheriff of Greene County, in favor of the Bank of Tennessee, upon a judgment recovered against Thomas Self, and the defendants, Harrison Self, and Jacob Herman, jointly.
The complainant failed to levy said execution, as he might have done, relying, as the bill charges, upon the promise of defendants, to meet him in Greeneville, on the return day of the execution, and pay him the money. But failing to do so, the complainant advanced out of his own pocket, the amount of the judgment, being $691.91. The object of the bill is to have this sum refunded.
The defendant, Herman, filed an answer, in which the equity of the bill is positively denied. The defendant Self, failed to answer, and judgment pro eonfesso was entered against him. All objection to the jurisdiction was waived by agreement of the parties.
The Chancellor dismissed the bill as to the defendant Herman, and decreed in favor of the complainant, against the defendant, Self. From the decree dismissing the bill as to Herman, the complainant appealed. Self acquiesced in the decree against him; so that the only question for our consideration is: Did the Chancellor err in decreeing in favor of Herman ?
*143 Whether or not, if the Sheriff had advanced the money at the request of the defendants, he could have compelled them, at law or in equity, to reimburse him the amount so advanced, we need not now inquire, as no such case is made by the pleadings on proof.
The case, as stated in the bill, is simply, that the defendants promised to pay the amount of the execution, on the return day of the process, and failing to do so, the Sheriff paid it with his own money.
This promise, as alleged in the , bill, is denied by Herman, and is not proved. But conceding that it were proved, would it constitute any ground of relief? Clearly not. In the latter aspect, the case would be simply this: The Sheriff in neglect and violation of his official duty, omitted to levy the execution, relying upon the promise of the defendants, that they would pay the money in due time, and this promise being violated, the Sheriff voluntarily, without any request to do so from the defendants, discharged the judgment.
In this view there is no principle upon which the defendants could be made liable to refund to the Sheriff the amount so advanced. The payment, under such circumstances, would be purely voluntary and officious on the part of the Sheriff, as respects the defendant, and was made, as must be inferred, to save himself from the penalty of his official neglect. In such a case, no promise or agreement can be implied in favor of the Sheriff, upon which to base a claim for relief, either at law, or in equity.
The decree will be affirmed.